# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES EDWARD WILSON, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 14-CV-381-TCK-PJC |
| STEVE KISS, Chief of Security,[1] | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is a 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner Charles Edward Wilson, a state prisoner appearing pro se. Respondent filed a response to the petition (Dkt. # 11), and provided the state court record necessary for resolution of Petitioner's claims (id.). Petitioner did not file a reply. For the reasons discussed below, the petition is denied.

## *BACKGROUND*

Petitioner challenges his convictions and sentences entered in Tulsa County District Court, Case No. CF-2009-4192. See Dkt. # 1. The record reflects that, on August 27, 2012, Petitioner entered negotiated pleas of guilty to Unlawful Possession of a Controlled Drug (Methamphetamine), After Former Conviction of Two or More Felonies (Count 1), and Unlawful Possession of Drug Paraphernalia (Count 2). Petitioner was sentenced that day to twenty (20) years imprisonment on Count 1 and one (1) year in the county jail on Count 2, to be served concurrently with each other and concurrently with sentences totaling nineteen (19) years entered in Tulsa County District Court,

---

[1] Petitioner is currently in custody at Enid Community Corrections Center where Steve Kiss serves as Chief of Security. See https://www.ok.gov/doc/. Pursuant to Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts, the proper party respondent in this matter is Steve Kiss, Chief of Security. Therefore, Steve Kiss, Chief of Security, is substituted in place of Robert Patton, Director, as party respondent. The Clerk of Court shall note the substitution on the record.

Case No. CF-2010-1178.[2] During plea proceedings, Petitioner was represented by attorney Steven Vincent. See Dkt. # 11-4 at 1.

Petitioner filed a timely motion to withdraw his pleas of guilty (Dkt. # 11-5). On October 25, 2012, the trial judge held a hearing on the motion. See Dkt. # 11-6. During the hearing on the motion to withdraw pleas, attorney Bliss Lowe represented Petitioner. Id. at 1. At the conclusion of the hearing, the trial judge denied the motion. Id. at 14.

Petitioner filed a petition for writ of certiorari (Dkt. # 11-7) in the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Curtis M. Allen, Petitioner raised the following propositions of error:

Proposition I: Charles Wilson's pleas were not knowingly and intelligently made.

Proposition II: The sentence in this case is excessive and shocks the conscience.

See Dkt. # 11-8 at 2. In an unpublished Summary Opinion, filed July 9, 2013, in Case No. C-2012-1037 (Dkt. # 11-9), the OCCA affirmed the district court's denial of Petitioner's motion to withdraw plea of guilty.

Petitioner commenced this federal action by filing a pro se petition for writ of habeas corpus (Dkt. # 1) and a supporting brief (Dkt. # 2). Petitioner alleges, as he did on certiorari appeal, that (1) his guilty pleas were not entered voluntarily and knowingly, in violation of his rights under the Fourteenth Amendment; and (2) the sentence was excessive and shocks the conscience, in violation

---

[2] In his supporting brief (Dkt. # 2), Petitioner states that, in Case No. CF-2010-1178, he was convicted by a jury of Endeavoring to Manufacture Methamphetamine (Count 1) and Possession of a Controlled Dangerous Substance (Methamphetamine) (Count 2) and received sentences of twelve (12) years imprisonment (Count 1) and seven (7) years imprisonment (Count 2). Id. at 2. Significantly, Petitioner acknowledges that "the court ordered the sentences of (12) years and (7) years to run **(CS)** with each other." Id. (emphasis added).

of his rights under the Eighth and Fourteenth Amendments. See Dkt. # 1 at 5. In response to the petition, Respondent argues that Petitioner is not entitled to habeas corpus relief. See Dkt. # 11.

*ANALYSIS*

A. **Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes, see Dkt. # 11 at 2 ¶ 5, and the Court agrees, that Petitioner fairly presented his habeas claims to the OCCA on certiorari appeal. Therefore, the Court finds that Petitioner has satisfied the exhaustion requirement of 28 U.S.C. § 2254(b).

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Cullen v. Pinholster, 563 U.S. 170, 184-85 (2011); Williams v. Taylor, 529 U.S. 420 (2000).

B. **Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

3

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." White, 134 S. Ct. at 1702 (citing Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)). The petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)); see also Metrish v. Lancaster, 133 S. Ct. 1781, 1787 (2013).

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. Section 2254(d) bars relitigation of claims adjudicated on the merits in state courts and federal courts review these claims under the deferential standard of § 2254(d). Id. at 98; Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Further, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In this case, the OCCA adjudicated Petitioner's habeas claims on certiorari appeal. Therefore, his claims will be reviewed pursuant to § 2254(d).

**1. Pleas were involuntary and unknowing (Ground 1)**

Petitioner alleges that he should have been allowed to withdraw his guilty pleas as they were not voluntarily and knowingly entered. See Dkt. # 1 at 5. In support of his claim, Petitioner cites

4

to argument presented at the hearing on his motion to withdraw plea where he explained that he did not understand how his sentences for Case Nos. CF-2010-1178 and CF-2009-4192 were to be served. See Dkt. # 2 at 5. Petitioner claims that his "plea was not knowingly & intelligently made because there was no meeting of the minds as what the 'one year in addition' to CF-10-1178 meant." Id. In rejecting Petitioner's claim on certiorari appeal, the OCCA ruled as follows:

> Our primary concern in evaluating the validity of a guilty plea is whether the plea was entered voluntarily and intelligently. *See Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *Ocampo v. State*, 1989 OK CR 38, ¶ 3, 778 P.2d 920, 921. The voluntariness of the plea is to be determined by examining the entire record. *Berget v. State*, 1991 OK CR 121, ¶ 15, 824 P.2d 364, 372. When a defendant claims that his guilty plea was entered through inadvertence, ignorance, influence or without deliberation, he has the burden of showing that the plea was entered as a result of these reasons and that there is a defense that should be presented to the jury. *Estell v. State*, 1988 OK CR 287, ¶ 7, 766 P.2d 1380, 1382. Petitioner has failed to meet that burden here.
>
> In proposition I, the record shows a knowing and voluntary plea. Specifically, the record clearly shows that Petitioner understood the plea agreement in this case was for 20 years in Count I, to run concurrently with the sentence in Count II and the sentences in CF-10-1178. His after the fact claim that he thought the sentence would be thirteen years and not 20 years is not supported by the record and is insufficient to warrant withdrawal of the guilty plea. The trial court did not abuse its discretion in denying Petitioner's motion to withdraw guilty plea. *See Robinson v. State*, 1991 OK CR 23, ¶ 6, 806 P.2d 1128, 1130.

See Dkt. # 11-9 at 2-3.

"It is beyond dispute that a guilty plea must be both knowing and voluntary. The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Parke v. Raley, 506 U.S. 20, 28-29 (1992) (internal quotation marks and citations omitted). In considering a habeas petition, or after the judgment of conviction upon a guilty plea has become final, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." U.S. v. Broce, 488 U.S. 563, 569 (1989). A

strong presumption of reliability is accorded a defendant's in-court statements made when the plea was entered concerning the voluntariness of the plea and his satisfaction with his attorney's performance. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74.

Here, the record supports the OCCA's conclusion that Petitioner's negotiated pleas of guilty were both knowing and voluntary. Petitioner's claim that he did not understand his sentences is contradicted by Petitioner's averment, made on August 27, 2012, under oath, that he understood the nature and consequences of the proceeding, see Dkt. # 11-4 at 1, ¶ 9, and that he understood the terms of his plea agreement, including that he would be sentenced to twenty (20) years on Count 1 and one (1) year on Count 2, to be served concurrently with each other and concurrently with his sentences entered in CF-2010-1178, id. at 3, ¶ 23. Petitioner also denied having "been forced, abused, mistreated, or promised anything by anyone" to enter his pleas, id. at ¶ 29, and affirmed that he entered his guilty pleas of his "own free will and without any coercion or compulsion of any kind," id. at ¶ 30. Significantly, the Plea of Guilty Summary of Facts form contains the trial judge's finding of fact that Petitioner's guilty pleas were freely and voluntarily entered, and that Petitioner had knowingly and voluntarily waived his constitutional rights. Id. at 4, ¶ 36. Petitioner fails to present clear and convincing evidence to rebut the state court judge's finding of fact that Petitioner's pleas of guilty were knowingly and voluntarily entered. Therefore, the finding of fact is presumed correct. 28 U.S.C. § 2254(e)(1).

Also, the record reflects that, on August 27, 2012, in Tulsa County District Court Case No. CF-2010-1178, after being found guilty by a jury, Petitioner was formally sentenced in accordance with the jury's recommendation to twelve (12) years imprisonment on Count 1, Endeavoring to Deliver, Manufacture or Possess a Controlled Drug (Methamphetamine), and to seven (7) years imprisonment on Count 2, Unlawful Possession of a Controlled Drug (Methamphetamine), after one prior felony conviction, and with the sentences ordered to be served consecutively. See Dkt. # 11-3, Tr. Sent. at 5-6. At that same hearing, Petitioner entered his pleas of guilty to Possession of a Controlled Drug (Methamphetamine) (Count 1), and Possession of Paraphernalia (Count 2), in Tulsa County District Court Case No. CF-2009-4192. Petitioner affirmed that he understood the ranges of punishment for the two crimes, that he understood the rights he was giving up, and that he was pleased with his attorney's advice and representation. Id. at 6-8. Petitioner also stated that he had not been promised anything in exchange for entering into the plea agreement, that he had not been forced or threatened or coerced, and that he entered into the agreement freely and voluntarily. Id. at 9. After finding the existence of a factual basis for the pleas, the trial judge accepted Petitioner's guilty pleas and sentenced him, pursuant to a plea agreement, to twenty (20) years imprisonment on Count 1, one (1) year in the county jail (Count 2), and ordered the sentences to be served concurrently with each other and concurrently with the sentences entered a few minutes previously in CF-2010-1178. Id. at 8-10. Petitioner affirmed that the sentences were consistent with his understanding of the plea agreement. Id. at 9.

Even though the trial judge clearly stated at least twice that Petitioner's sentence on Count 1 in Case No. CF-2009-4192 was twenty (20) years, see id. at 8, 10, Petitioner testified at the hearing on the motion to withdraw plea, that he thought he was going to receive a sentence of thirteen (13)

years not twenty (20) years. See Dkt. # 11-6 at 6. Petitioner further testified that he did not say anything or seek clarification of his sentences at the time of sentencing because he "didn't figure it would do any good." Id. After questioning Petitioner, the trial judge stated that, at the sentencing hearing, he had reviewed the Plea of Guilty Summary of Facts form with Petitioner "line by line, question by question," and that Petitioner had answered appropriately to every question asked. Id. at 13-14. The trial judge stated that Petitioner "understood fully what was happening that day," and that there was "not a thing [Petitioner] could have said that day that would have changed the course of what happened." Id. at 14. For those reasons, the trial judge denied the motion to withdraw pleas of guilty. Id.

In this habeas action, Petitioner continues to argue that he did not understand his sentences and that, for that reason, his guilty pleas were unknowing and involuntary. However, the record cited above, belies Petitioner's claim that he did not understand that he would serve a total sentence of twenty (20) years imprisonment. Petitioner has failed to demonstrate that the OCCA's adjudication of his claim was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. For that reason, the habeas corpus relief is denied on Ground 1.

### 2. Excessive sentences (Ground 2)

In Ground 2, Petitioner alleges that his sentences are excessive. See Dkt. # 1 at 5. On certiorari appeal, the OCCA denied relief on this claim, stating that:

> we find Petitioner's sentence is not excessive. His sentence, enhanced with three prior felony convictions, was within statutory range and does not shock the conscience of the Court. *See Bartell v. State*, 1994 OK CR 59, ¶ 33, 881 P.2d 92, 101 (if a sentence is within the statutory guidelines, we will not disturb that sentence unless, under the facts and circumstances of the case, it is so excessive as to shock the conscience of the Court). Petitioner's disappointment with the length of his

> sentence is an insufficient reason for withdrawal of a plea. [*Lozoya*] *v. State*, 1996 OK CR 55, ¶ 44, 932 P.2d 22, 34.

See Dkt. # 11-9 at 3.

A habeas court affords "wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000). Federal habeas review generally ends "once we determine the sentence is within the limitation set by statute." Id. In this case, Petitioner's sentences were within the sentencing ranges for the crimes charged, as established under Oklahoma law. There is no basis for habeas relief based on the length of sentences received by Petitioner. Habeas corpus relief on Ground 2 is denied.

## C.    Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the

decision by the OCCA is debatable among jurists of reason.  See Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004).  A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note the substitution of Steve Kiss, Chief of Security, in place of Robert Patton, Director, as party respondent.

2. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

3. A separate judgment in favor of Respondent shall be entered in this matter.

4. A certificate of appealability is **denied**.

**DATED** this 15th day of May, 2017.

									_____
									**TERENCE KERN**
									**United States District Judge**